UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LHF PRODUCTIONS, INC,**

    **Plaintiff,**

    v.

                                Civil Action 2:16-cv-498
                                Chief Judge Edmund A. Sargus, Jr.
                                Magistrate Judge Elizabeth P. Deavers

**JOHN DOES, 1-17,**

    **Defendant.**

## ORDER

Plaintiff brings this action against John Does 1-17, alleging that by using the BitTorrent file distribution network, Defendants engaged in copyright infringement of Plaintiff's copyrighted motion picture in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq.* This matter is before the Court for consideration of Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. (ECF No. 2.) Through this Motion, Plaintiff seeks to conduct limited discovery from a non-party internet service provider ("ISPs") in order to determine Defendants' identities and contact information. For the reasons that follow, Plaintiff's Motion is **GRANTED**.

Federal Rule of Civil Procedure 26 governs the timing and sequence of discovery. Rule 26(d) provides as follows:

> (1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

>> (2) Sequence. Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>
>> (A) methods of discovery may be used in any sequence; and
>
>> (B) discovery by one party does not require any other party to delay its discovery.

Fed. R. Civ. P. 26(d). Thus, Rule 26(d) vests the district court with discretion to order expedited discovery. *Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Courts considering motions for expedited discovery typically apply a good cause standard. *Lemkin*, 2009 WL 1542731, at *2 (citations omitted). The burden of demonstrating good cause rests with the party seeking the expedited discovery. *Id.* (citation omitted). The moving party may establish good cause by demonstrating that "'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Id.* (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). "Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time." *Arista Records, LLC v. Does 1-15*, No. 2:07-cv-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007) (citation omitted). Finally, the scope of the requested discovery is also relevant to a good cause determination. *Lemkin*, 2009 WL 1542731, at *2 (citation omitted).

In the instant case, the Court concludes that good cause exists to permit the limited expedited discovery Plaintiff seeks. Plaintiff has established that it needs to conduct the requested discovery in order to learn Defendants' identities so that it may timely effect service under Federal Rule of Civil Procedure 4(m). In addition, without the discovery, there is a significant risk that the ISP could delete or destroy the information Plaintiff needs to identify

Defendant.  *See, e.g., Arista Records*, 2007 WL 5254326 at *4 (finding good cause to permit expedited discovery from ISP in copyright action based, in part, upon the recognition of that ISPs may only retain the relevant information for a limited time).  Finally, the scope of discovery Plaintiff requests is narrowly tailored to obtain Defendants' names, addresses, e-mail addresses, and telephone numbers.

Accordingly, Plaintiff's Motion is **GRANTED**.  Plaintiff may serve subpoenas upon Defendants' ISPs commanding disclosure of Defendants' identifying information, including names, addresses, e-mail addresses, and telephone numbers pursuant to 47 U.S.C. § 551(c)(2)(B).  Plaintiff may also serve subpoenas upon later-discovered intermediary ISPs.  The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B) where applicable to educational institutions.  Plaintiff may utilize the information obtained through the subpoena solely for the purpose of protecting its rights under United States Copyright Act.

**IT IS SO ORDERED.**

Date: June 7, 2016                                         /s/ *Elizabeth A. Preston Deavers*
                                                          ELIZABETH A. PRESTON DEAVERS
                                                          UNITED STATES MAGISTRATE JUDGE